UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAINT-GOBAIN AUTOVER USA, INC.,
SAINT-GOBAIN SEKURIT MEXICO,
S.A. DE C.V., and
SAINT-GOBAIN SEKURIT USA, INC.,

        Plaintiffs,

CASE NO. 05-71079

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

-vs-

FUYAO GLASS INDUSTRY GROUP CO.,
LTD., FUYAO NORTH AMERICA, INC.,
and GREENVILLE GLASS INDUSTRIES,
INC.,

        Defendants.
_____/

## ORDER (1) DENYING PLAINTIFFS' MOTION FOR ENTRY OF INJUNCTION AGAINST DEFENDANT FUYAO CHINA, AND (2) GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Presently before the Court are Plaintiffs' Motion for Entry of Injunction Against

Defendant Fuyao China, and Defendant's Motion to Set Aside Entry of Default.

**BACKGROUND:**

Saint-Gobain Autover USA, Inc., Saint-Gobain Sekurit Mexico, S.A. DE C.V.. and

Saint-Gobain Sekurit USA, Inc. (collectively "Plaintiffs") brought this complaint for patent

infringement against Defendants Fuyao Glass Industry Group Co., Ltd. ("Fuyao China"), Fuyao

North America, Inc. ("Fuyao N.A."), and Greenville Glass Industries, Inc. ("Greenville"),

(collectively "Defendants").  In the Complaint, Plaintiffs allege that Defendants infringed upon

1

their patents for a spacer for windshield brackets and for a method of centering windshield

glazing.  (Am. Compl. ¶¶ 11-16).

The Complaint was filed on March 18, 2005. The Complaint requests an injunction

against the alleged continued infringement of Plaintiffs' patents.  Plaintiffs filed an Amended

Complaint on June 6, 2005.  Plaintiffs effected service on Defendant Fuyao China with the

original Complaint on April 28, 2005.  Plaintiffs also served the original complaint on

Defendants Fuyao N.A. and Greenville.  Defendant Fuyao China did not file a timely response.

Plaintiffs did not serve Defendant Fuyao China with the Amended Complaint.

The Clerk of the Court entered a default against Fuyao China on July 5, 2005.  Defendant

Fuyao China has moved to set aside the default.

## ANALYSIS:

### A.	Standard of Review

Both Plaintiffs' motion for an injunction and Defendant's motion to set aside the entry of

default are tied to the question of whether the entry of default should be set aside.  Under Federal

Rule of Civil Procedure 55(c), a district court may, for good cause, set aside the entry of default.

A more lenient standard with regard to setting aside the default is applied where there has been

only an entry of default,  rather than a default judgment.  *Shepard Claims Service, Inc. v. William*

*Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).

Furthermore, the district court enjoys considerable latitude under the good cause standard

to grant a defendant relief from the entry of default pursuant to Rule 55(c).  *O.J. Distrib., Inc. v.*

*Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *United States v. Bridwell's Grocery &*

*Video*, 195 F.3d 819, 820 (6th Cir. 1999).  "This exercise of discretion entails consideration of

three factors: 1) whether the plaintiff would be prejudiced; 2) whether the defendant has a
meritorious defense; and 3) whether the culpable conduct of the defendant led to the default."
*Bridwell's Grocery & Video*, 195 F.3d at 820.  In assessing these factors, a district court should
observe that "[a] default judgment deprives the client of his day in court, and should not be used
as a vehicle for disciplining attorneys." *Shepard Claims Service*, 796 F.2d at 195.

### B.      Discussion

Plaintiffs did not have a duty to serve Defendant Fuyao China with the Amended
Complaint.  Federal Rule of Civil Procedure 5(a) states in part that "no service need be made on
parties in default for failure to appear except that pleadings asserting new or additional claims
for relief against them shall be served upon them in the manner provided for service of summons
in Rule 4. . . ."  As the Sixth Circuit has remarked, "[o]nce a defendant fails to file a responsive
answer, he is in default. . . ." *Shepard Claims Service*, 796 F.2d at 194 (citation ommitted).
Here, Plaintiffs' Amended Complaint did not assert any new claims, but rather filled in the holes
in the Original Complaint in order to survive the motion to dismiss.  Because Defendant's
answer to the Original Complaint had not been received within twenty days of service,
Defendant Fuyao China was in default, and Plaintiffs were not obligated to serve Defendant with
the Amended Complaint.[1]

However, the above findings do not preclude the Court from setting aside the entry of
default against Defendant Fuyao China.  An assessment of the three factors noted above lead to
the conclusion that the entry of default should be set aside.  First, there appears to be no

---

[1]Although there is some dispute over whether service was proper, this issue is rendered
moot by the Court's decision to set aside the entry of default.

prejudice to Plaintiff in setting aside the entry of default, particularly because the default was entered on a Complaint which is now a nullity because it was later amended.  In addition, Defendant Fuyao China's presence in this forum while this case is still in its infancy supports that the case will proceed in an orderly fashion.

Second, Defendant has pointed to several meritorious defenses, including that the information in the patent was readily available in a similar German patent.

Third, negligent conduct rather than culpable conduct of Defendant appears to have led to the entry of default against Defendant Fuyao China.  A lack of communication between Defendant Fuyao China and its local counsel, or between Defendant's local counsel and Plaintiffs' counsel, appears to have resulted in the default.  Furthermore, the fact that the other two Defendants, aligned with Fuyao China, filed responses supports the inference that absent a failure in communication, Defendant Fuyao China would have filed a timely response.

Accordingly, the Court will set aside the entry of default against Defendant Fuyao China.

Because Plaintiffs' motion for injunctive relief relies exclusively upon the entry of default, and because the Court has set aside the entry of default against Defendant Fuyao China, Plaintiffs' motion for injunction is denied.

**CONCLUSION:**

For the above reasons, the Court GRANTS Defendant's Motion to Set Aside Default, and DENIES Plaintiffs' Motion for Entry of Injunction Against Default Defendant Fuyao Glass Industry Group Co., Ltd.  Plaintiffs have one (1) week from the entry of this Order to serve Defendant Fuyao Glass Industry Group Co., Ltd. with the Amended Complaint.  Thereafter,

Defendant Fuyao Glass Industry Group Co., Ltd. has ten (10) days from the date of service to

file its Answer with the Court.

**IT IS SO ORDERED.**


                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE


Dated:  December 16, 2005

                        CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
December 16, 2005.


                                        s/Jonie Parker
                                        Case Manager